IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MACKENLEY THOMPSON                                                                                      PETITIONER

        v.                             Civil Case No. 5:25-cv-05139

SHERIFF SHAWN HOLLOWAY                                                                          RESPONDENT

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On June 27, 2025, Petitioner filed his habeas corpus action seeking relief under 28 U.S.C. § 2241. (ECF No. 1). It is alleged by Petitioner that his detention is unconstitutional on three grounds: 1) delay in prosecution such that it violates the Sixth and the Fourteenth Amendment; 2) the charges against him are based on fabrication and retaliatory accusations made by an individual with a documented history of filing false or retaliatory claims; and 3) denial of meaningful access to the courts due to policies barring hybrid representation. *Id.* Petitioner requests the issuance of a Writ of Habeas Corpus ordering his immediate release or a hearing to determine the lawfulness of his detention and a declaration that his continued detention violates his constitutional rights. *Id*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES. Here, the Petition has not been served on Defendant, and following review, the undersigned finds this Court lacks jurisdiction and recommends dismissal of Plaintiff's action for the reasons stated herein.

1

## I.   Habeas Relief

As an initial matter, the undersigned must decide whether Petitioner is entitled to a writ of habeas corpus. Generally, to invoke a federal court's jurisdiction to review a petition for a writ of habeas corpus filed by a state court petitioner, a petitioner must be "a person in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States' district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States.") (cleaned up).   The habeas petition must describe a substantial infringement of a constitutional right and include a factual statement which, if true would entitle the petitioner to relief.   *Gardner v. Norris,* 949 F. Supp. 1359, 1368 (E.D. Ark.1996). The petition must state facts that point to a real possibility of constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75, fn. 1 (1977).   Importantly, a petition for habeas corpus is a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody").   Thus, for a federal district court to exercise subject matter jurisdiction over this matter, Petitioner must have been "in custody" at the time he filed his habeas petition. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Here, although Petitioner alleges habeas relief under § 2241, the undersigned also analyzes the claim under § 2254. Importantly, Petitioner does not allege he is being held in custody pursuant to any state court judgment. To the contrary, he clearly states in his petition that he has been held

pre-trial since August 1, 2024, has not yet been brought to trial or convicted, and awaits adjudication of his criminal case. (ECF No. 1, pp. 2, 5, 7).

The Court's independent review of his state court cases likewise indicates that Petitioner has not pled guilty or been convicted following a trial and has not been sentenced; he is in custody awaiting trial with a jury trial currently scheduled to be held on August 5, 2025.[1] For this reason, 28 U.S.C. § 2254 relief is not available to Petitioner. *See Hirsch v. Smitley,* 66 F.Supp.2d 985, 986 (E.D. Wis.1999) ("Section 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges"); *West v. Stahl,* 2008 WL 4104536, at *2 (E.D. Mo. 2008) (denying and dismissing pretrial detainee's § 2254 petition "because relief under § 2254 is only available post-judgment").

As noted, Petitioner alleges entitlement to habeas relief under 28 U.S.C. § 2241. Even so, it does not necessarily follow that Petitioner's current claims can be adjudicated on the merits in this proceeding. Ordinarily, a state detainee must await the entry of a final state court judgment to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review. *See Davis v. Mueller,* 643 F.2d 521, 525 (8th Cir.) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), *cert. denied,* 454 U.S. 892 (1981). In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City,* 197 F.3d 321, 325 (8th Cir.1999), *cert. denied*, 529 U.S. 1038 (2000). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending

---

1 According to arcourts.gov case number 04CR-24-1484.

judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir.1981), quoting *Wingo v. Ciccone,* 507 F.2d 354, 357 (8th Cir.1974); *see also Carden*, 626 F.2d at 83–84 (federal courts will not interfere in state criminal proceedings before they become final except in "unusual," "extraordinary" or "special" circumstances).

There are few reported cases in which courts have found the type of "extraordinary circumstances" that allows for federal interference with ongoing (non-final) state criminal proceedings. Most of those cases involve double jeopardy claims. *See e.g., Satter v. Leapley,* 977 F.2d 1259, 1261 (8th Cir.1992) ("[a] claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger v. Harris*," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing *Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir.1992), *cert. denied*, 506 U.S. 1048 (1993), and *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir.1992). In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court sanctioned pre-trial federal habeas review of a speedy trial claim, but even speedy trial claims normally are not subject to federal habeas review before the apposite state court proceedings have been fully completed. Notably, in the present case Petitioner has not made any showing that he has exhausted available state court remedies in that regard and does not allege that he has made any demands for a speedy trial.

With respect to speedy trial, Petitioner cites *Barker v. Wingo*, 407 U.S. 514 (1972), stating that pretrial delays must be evaluated under a balancing test including the length of delay, reason for delay, assertion of right, and prejudice. (ECF No. 1-1, p 2). Petitioner broadly states that he has

been incarcerated since August 1, 2024, and that this delay in prosecution violates his rights under the Fourteenth Amendment and the speedy trial clause of the Sixth Amendment; Petitioner also states that the prosecution has failed to act diligently. Petitioner does not show that the prosecution has caused the delays, that he has asserted his right to a speedy trial to the Benton County Court, or that the delay has been prejudicial.

Petitioner has not illustrated unusual, special or extraordinary circumstances, and while Plaintiff has raised the issue of speedy trial, he has not shown that he has raised this issue before the Circuit Courts of Benton County. This failure, along with fact that Petitioner's criminal case is scheduled for a jury trial in thirty-eight days, prompts the undersigned to apply the brakes of *Younger v. Harris*. The Circuit Courts of Benton County are entitled to proceed with Petitioner's criminal adjudication without interference of the federal courts, and thus, the undersigned recommends that Petitioner's petition for relief under § 2241 be dismissed.

## II.   Certificate of Appealability

As a second and final matter, under Section 2253(c)(2) of the United States Code, the undersigned must determine whether a certificate of appealability should be granted. A certificate should issue if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  It is recommended that Petitioner be denied a certificate of appealability and recommended that Petitioner be denied permission to appeal in forma pauperis because any appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4).

**Petitioner has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are**

5

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 30th day of June 2025.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE